would you announce our fourth case for argument 21-2871 South Dakota United States v. Samuel White Horse Mr. Bell the court appreciates your willingness to accept this case under the criminal justice act and you may proceed when you're ready thank you your honors uh my name is Justin Bell I'm an attorney from Pierce South Dakota because of COVID I'm still in Pierce South Dakota I represent Samuel White Horse in this case and in this appeal Sam was charged originally and indicted for second-degree murder, assault with a dangerous weapon, assault resulting in serious bodily injury and tampering with evidence or concealing evidence in violation of 18 U.S.C. 1512 C.1. At trial Sam was acquitted of the murder charge both felony assault charges but convicted of a misdemeanor assault by striking beating and wounding charge as well as tampering or concealing evidence in violation of 1512 C.1. This is about as narrow of an appeal as I've had in front of the eighth circuit it addresses one issue and that is whether or not a violation of 1512 C.1 includes an element that the natural probable effect of a defendant's conduct would interfere with the due administration of justice and then along with that assuming that to be the case whether or not it was reversible error to not include that in a jury instruction. This issue was specifically addressed before the district court there was a pre-trial jury instruction that was requested that included that element addressed in the final setting of the jury instructions. I guess I just say that to say that this issue has been perfected for appeal for the standard review purposes. Moving into the issues I'm going to do what I normally don't do I'm going to talk about the law first because primarily it's a legal issue I will talk a little bit more about the facts when we deal with whether or not it was reversible error but in 1995 the United States Supreme Court decided United States versus Aguilar that interpreted 18 U.S.C. 1503 or the jury tampering statutes that we have in federal law that found that that statute despite a clear or specific statutory language that says so adopted the nexus requirement based off of the corruptly endeavoring language was found in the statute so there was a textual basis for it but there's no specific element in the language for it. In that decision the Supreme Court found amongst other things that a defendant needs to act with the intent to obstruct justice and needs to act in a manner likely to obstruct justice as a portion of that requirement. Later the United States Supreme Court Arthur Anderson versus the United States adopted the nexus prong in 1512 C or excuse me B not C but did not discuss exactly what the corrupt language required as far as elements it just said the nexus requirement applies to 1512 B and it remanded it to the didn't while you're talking about Arthur Anderson yeah didn't it indicate that this nexus requirement is more of a predicate for the statute's mens rea requirement rather than an extra element which is the way I think you want this to be instructed. Thank you uh Judge Grunder I you know I would say yes to the first part of the question no to the third part of the question I would say yes to the fact that the statute under Arthur Anderson and under ABLR requires a specific instruction. I mean they're similar you don't normally have an element that says it requires mens rea. It's proven through other legal elements that are in the statute so I do agree that that is what the ABLR and Arthur Anderson decision relate to is the mens rea. Okay but didn't the district court in this case instruct the jury that the defendant lacked the requisite intent if he didn't know that his actions were likely to affect an official proceeding and isn't that sufficient to get what you're getting at even if we do assume that this nexus requirement attaches to the statute at issue here? Yes thank you for that that's I think part of the heart of the question that we have here Judge Groner. I would answer the answer is no for specifically because the Supreme Court in ABLR said that it requires both. The Supreme Court explicitly found that the corruptly endeavoring language does require one that the defendant act with the intent to obstruct justice that's the first prong. It also requires that the defendant act in a way that's likely to obstruct justice that's the exact language from ABLR. So I think that requirement meets the first prong of the ABLR test. I don't think it meets the second part of that test that relates to this issue from the direct language from ABLR and I agree in the sense that it would be nice had the Arthur Anderson decision expound a little bit about exactly what the nexus prong is and what it should require. It didn't I mean that's not uncommon the Supreme Court remanded that back to the circuit court to determine exactly what that means but I would submit to this court that what that means is you go back to the ABLR decision to determine what the nexus requirement is and what it should apply and I would submit to the court that under the ABLR decision it requires both an actus reus and a medrea requirement that relates to it and I think that the Supreme Court was pretty clear that includes an intent prong it also includes you know I don't like using the term it's not technically material materiality prong but it's similar to a materiality prong and what the Supreme Court said in ABLR. I understand the argument but I keep coming back to the idea that that you know a jury instruction's got to fairly inform the jury of what the law is and of course you can't just skip any element and I and I get that piece but I think that once you talk about there being a corrupt act properly instructed on that defined a corrupt act as a wrongful act then you go on into the defined that and after that's defined you say that the defendant lacks knowledge of his actions they're likely they are likely to affect an official proceeding then he lacks the requisite intent to tamper with the evidence I mean what exactly is is is missing that that would change the way that a jury would understand the elements of this offense I mean I I'm just I'm I mean I get where you had different words you wanted to put in there I'm not seeing a great difference in substance that that if the instruction been given as you requested it and and and and perhaps I'm just not understanding and so would you please tell me sub what's the difference in substance because as I go through and check all the boxes I think they're pretty much all checked in here there's not too much inference that's left to be drawn and I compare to how you know I instructed juries for you know 30 years and how everyone else has been instructing them ever since I started practicing law uh and this looks like the kind of stuff we usually say fairly informed the jury why is that wrong thank you judge Erickson I I would say and I will talk a little bit about the facts of this question I I think the um when you talk when you look at what was actually um presented to the jury the only evidence regarding this count was the custodial interview of my client where he said that he moved a garden hollow um about I don't know the exact distance let's say 15 yards I've been there but I didn't measure it from where the assault took place um and moved it to under a deck okay still on the crime scene right and didn't he say why he moved it yeah he did he specifically said I moved it because I didn't want my dad to get in trouble okay so I think that I mean it goes back once again and that's the argument that the government says as well he admitted to this well he admitted to moving the garden hole 15 yards he didn't want to get his father in trouble the reason why this matters to go back to your question is I think the jury could reasonably find that Samuel Whitehorse intended to do this intended uh to conceal evidence but that the action was not likely to obstruct justice which is a separate element under this standard that's the argument I would have made had the jury been instructed with that with the argument I think they I mean I can't put myself in the position of a juror but I think it's pretty darn likely in fact somebody bought that because we don't know who it is but someone moved the garden hole from the below the deck to a van and hit it after the fact uh I I presume it was the co-defendant in this case but I have no idea there's no evidence in the record for that but I think the co-defendant saw it and said boy that's a bad place for it they're gonna find it I'm gonna go move it again and hide it um I suspect that if you present that jury or that evidence to a jury a jury is going to say say yeah this is a nominal act that was done to try to you know protect his dad in the heat of the moment but it wasn't likely to obstruct justice wasn't likely to impact their um the due administration of justice so this in my mind is like the absolute best case to determine whether or not this is an appropriate jury instruction because the act was relative I mean it doesn't mean that the garden hole didn't have material wasn't material evidence I know there's going to be a lot of argument from the government about that and it was just evidentiary integrity wasn't compromised the government found it and was going to find it if it was under the the deck um as it relates to that so so that's our position as it relates to it you know as far as the the rest of the law just make a couple other points one um the uh in u.s versus p tuck I believe that's how you pronounce it the supreme court already found that the nexus requirement applies to 1512 c 2 it did not address this specific element but it found the nexus requirement applied and that's important and the decision judge grunder's decision in u.s versus man since in chief of man there's two u.s versus man cases um where this court looked at this issue and it was not addressed because um the jury the district court actually gave the exact instruction that we requested in that case a very very similar instruction we that was the basis for our request for the instruction um but I think looking at u.s versus man along with uh the later case p deck I believe that this circuit and this is well brief I'll reserve the rest of my time for rebuttal um the circuit in this case law along with other circuits who have specifically addressed this issue um would rightfully say that this is an element that needs to be instructed to a jury based off the argument I previously made to responding to judge eric's question I believe there's uh um a basis for uh remand and this reversible error and I'll reserve the rest of my time for rebuttal thank you okay Mr. Cook to the courtroom here for me thank you good morning your honors may it please the court and counsel my name is Cameron Cook I represent the government in this appeal and I'm here to explain why the district court got this case right answer any questions that this court has I want to start with a standard of review and what the court touched on just now with a co-count opposing counsel um because that's really the heart of the issue in the jury instructions the district court did instruct that quote if the defendant lacks knowledge that his actions are likely to affect an official proceeding he lacks the requisite intent to tamper with evidence in other words the jury to convict must have found that the defendant knew his actions were likely to affect an official proceeding I stated another way the defendant could argue that his action just as he puts it just putting the garden hoe to the side or under the porch it wasn't likely to affect an official proceeding um so he had that argument he wasn't denied defense furthermore that language in the jury instructions is almost verbatim the holding from aguilar um so counsel counsel as you're well aware the other side talks about the sentence two before it that says the endeavor must have the must have must have the natural and probable effect of interfering with the due administration of justice and that is the district construction district court's instruction quotes two sentences later what about the must have what do you do with the must have can you help us on that your honor as i read excuse me i grabbed the wrong case as i read aguilar um i do admit there's some there's a bit of a lack of clarity on what exactly the standards should be partly because it's talking about the lower courts and interpreting the nexus that they're talking about so but i think part of it's distinguished i think later on by just the words of the statute that are interpreting the omnibus clause of 1503 and this corruptly endeavoring language which is different from 1512 c1 issue in this case um and so i was going to circle back to again but i think now um you know i would submit that i think that it is a more so a foreseeability nexus how that has been interpreted from aguilar um the way i interpret the defense's argument there's this actual effect that the corrupt conduct has to have on this on a on the new administration of justice if you read the aguilar opinion that ties into the endeavoring language that's on page 601 of the proceeding where it's talking about in responding to dissent how the word endeavor does have a useful purpose and i mentioned the intent to obstruct and then in a manner that is likely to obstruct justice so that endeavoring word is absent from the statute issue in this case um so you know i would agree that that language um then but again the natural and probable effect i think is also a restatement of likely to affect that you have to know our knowledge that it's likely to affect the two administration justice in that case so i think they're close to being synonyms there although they are worded worded differently but i didn't see in the briefs uh tell me the tell me the most direct uh uh statement by this court about the must-have sentence well it's to petrick your honor if what the defense is saying is right then both the supreme court and then petrick which was a decision by this court in 2015 um are essentially wrong starting with arthur anderson the court in that case could have just said well the juror instructions didn't include the natural and probable language uh therefore remand um to put those instructions in they asked they were talking about the corruption and two issues with that case which are well briefed um the corruption and the nexus you know it's one thing to say that there was no proceeding at all in mind versus a proceeding wasn't started um so that what i would say adds to this more flexible interpretation of aguilar and this nexus but then in petrick this is key language here on page 445 of the opinion the a circuit says we hold that a defendant contemplated a particular foreseeable proceeding and that the contemplated proceeding constituted an official proceeding which then is fine under federal law there's a footnote then to that sentence footnote two and this court approves of the district court's instructions specifically quote the district court properly instructed the jury that the government was required to prove beyond a reasonable doubt a sufficient nexus between an official proceeding and petrick's obstructive behavior obstructive conduct in order to convict him under section 1512 c2 and then the instruction was that they approved of that this court proved of quote the defendant must contemplate some particular official proceeding in which the testimony record document or other object might be material unquote so that i think language petrick really gets this issue right and that is also in a much broader and another catch-all part of 1512 which is 1512 c2 then here i would go back to that i think is the standard we're working with your honor that is foreseeability that ties in official proceeding towards the corrupt conduct but if you look at 15 c1 which is a statute issue here it is much nearer it didn't have the breadth concerns that the court talked about in aguilar it requires a corrupt act whoever corruptly alters destroys mutilates an object with the intent to impair the object's integrity or availability for use in an official proceeding so it explicitly mentions an official proceeding in the text it doesn't have the issues of 1503 with corruptly endeavoring meaning you know you could lie to an FBI agent and not have any inkling about an actual official proceeding ongoing it doesn't have that issue it requires that the government prove that there is an official proceeding contemplated whether or not started it needs to be started a specific official proceeding and so therefore it really doesn't have that issue that the court was trying to fix in aguilar and i would just say that as a starting point there's no reason to read into 1512 c1 any extra elements like the court did in aguilar it doesn't have those problems you know and with all due respect to the court but it is congress's role to set criminal statutes inside the elements of those offenses and absent a reason to do so i don't think the court should step in and then here you know furthermore i think mr cook are you familiar with our case united states versus yielding i'm not your honor okay well let me just suggest to you that i think there we we tied the aguilar nexus requirement to the term corruptly and that that appears in this in 1512 c1 as well um so i'm wondering if your argument that the nexus requirement doesn't apply works but if you're not familiar with yielding it might not help well i'm not familiar with yielding i will say that the statute has what can be described as a nexus requirement which is seen in the plain text that reference to an official proceeding specifically there with intent to affect that is absent from 1503 so i do believe it does have a nexus the question in this case is whether the specific language taken straight from the aguilar opinion discussion discussing 1503 should apply and as the court mentioned previously this instruction that was given by the district court was essentially an aguilar instruction a strong wording of that taken from that opinion i think that covers what the defense is asking for and i would submit that that's even stronger than what the government is required to prove in other cases as seen i've just discussed um unless the court has other questions i think i've explained um explained the textual argument and the case argument for why um the defendant's specific instruction shouldn't apply i just want to talk about harmless error at this point uh even if as again going back to the instruction the defendant uh could have argued that he didn't know or rather that his actions were not going to affect an official proceeding that it was not likely that what he was doing would affect it that argument was fully available to the defendant with the instructions in this case it would not have changed things beyond reasonable doubt in the government's view if that extra element was given furthermore looking at the actual evidence just to state what happened on a very cold night in february of 2020 the defendant and his father who ended up putting guilty to voluntary manslaughter assaulted the victim and then based on the defendant saying a white horse his statements he admitted to seeing his father use a garden hoe to strike the victim in the head four times and then the defendant said he that he threw the garden hoe under the porch that night because he didn't want didn't want his dad to get in trouble at a different part of the recorded conversation which was all played for the jury the defendant also said that he didn't want his dad to go to prison and that was why he wasn't honest up front about what happened too so there's that reference to going to prison specifically um but essentially so that assault occurs which the defendant witnesses he throws the weapon used in the assault under the porch the police are called due to the rural nature of the area the police don't arrive for another 30 or so minutes at that point they look around the scene interview people take photographs it's unclear what happened they initially think the victim may have been drunk may have been a drunk driving incident um it sounds like he may have had a a seizure or brain aneurysm so there are other issues going on but they assess the scene and they don't find any weapons and so they leave that night meanwhile the defendant and his father lied to both dispatch and law enforcement about what happened um and i think the crime there of that is the natural and probable effect of that hiding the weapon on a dark night when it's difficult to search it's hard to see the natural and probable effect of that would be to affect the new administration of justice so even if the defendant got his instruction beyond a reasonable doubt this court can say that the outcome would not have changed but counsel you acknowledge that we have many cases and the supreme court i think even has some that say not instructing on an element is normally reversible error your honor i'm familiar with that case law but i think what i cited is that if it's just missing an element then if the court does find beyond a reasonable doubt then you can still declare harmless error i think it's just one i cited in my brief um the case but i think there is a way even if it was an error just to omit one element um there is a way for the court to affirm the judgment so for all those reasons your honor i would ask that the district that the court affirmed the district courts rather affirm the judgment of conviction and unless there are any other questions court has i would pass my time just one quick question i i uh i think you said this at the end but i want to confirm that if we were to accept the harmless argument it's harmless beyond a reasonable doubt right yes your honor okay thank you thank you no other questions mr bell thank you your honor um just two things i want to address in my rebuttal one um the the discussion from the government that the u.s versus petruck and the arthur anderson case don't talk about this so it means that the elements are proper but in those cases the issue before the court was the foreseeability problem it was essentially the first thing just because the court did not address the other elements that were talked about by abular that does not mean by implication they were ruling with the government that that they weren't addressed before the court i don't think it would be proper to say that in fact i would ask the court to look at united states versus man the the sanjeev to man case where judge grunder in the opinion wrote um when discussing the material or the the uh requirements for uh a nexus prong explicitly found that that that is a requirement under the nexus prong in the united states versus man decision then said we don't know whether or not this applies we're not going to address whether it applies to 1512 c uh because the jury was probably instructed with that but there was a sufficiency of the evidence claim and found that there was sufficient evidence to convict i think that the united states versus man read with us versus petruck uh um and the case cited in questioning specifically says that the nexus prong is tied to corrupt the corruption language or a corruptly language that's in there um and it does apply to 1512 c prosecutions the only other thing that i would add is um noticeably absent from the briefing from the government or any mention of an oral argument is any case cited that finds that this prong does not apply uh to this there is not a single case cited by the government uh either an oral argument or in briefing uh where a court has found that that uh there is not an element for uh the natural and probable cong in this prosecution whereas as cited in the briefing from the defendant at least the second tenth and eleventh circus have explicitly found that this is an element for these prosecutions um i guess with that i would submit to this court that it is proper to require that instruction based off of the argument that i made before and this circuit's case law regarding the materiality elements in other cases it would not be harmless beyond a reasonable doubt to not have been able to present the argument that i presented to joshua erickson's question about the fact that this would not um have been um natural and probable the natural and probable effect would have been the new administration of justice with that we would ask the court to reverse the conviction on this count and remand to the district court i appreciate your time thank you thank you the court appreciate your time as well and and as of mr cook case will be submitted and decided in in due course